**Kul Bushan KALRA, on behalf of himself and others similarly situated, Plaintiff,**

v.

**The STATE OF MINNESOTA, the City of Minneapolis, Minneapolis City Police Department, and Minneapolis City Council, Defendants.**

**No. 3–83 Civ. 888.**

United States District Court,
D. Minnesota,
Third Division.

Aug. 25, 1983.

Minnesota Civil Liberties Union by Weston C. Loegering and Linda Ojala, Minneapolis, Minn., for plaintiff.

Hubert H. Humphrey, III, Atty. Gen. by Peter M. Ackerberg and Douglas C. Blomgren, Asst. Attys. Gen., St. Paul, Minn., for the State of Minn.

Robert J. Alfton, City Atty. by Les R. Karjala, Asst. City Atty., Minneapolis, Minn., for defendants City of Minneapolis, Minneapolis City Police Dept. and Minneapolis City Council.

FINDINGS OF FACT

CONCLUSIONS OF LAW

ORDER FOR JUDGMENT

ALSOP, District Judge.

This matter originally came before the court upon plaintiff's motion for a preliminary injunction. At the time of the hearing, however, the parties stipulated to the material facts in the case and agreed to submit the matter of permanent injunctive and declaratory relief to the court upon briefs. Thus, this case is now before the court upon what are essentially cross-motions for summary judgment pursuant to Rule 56 of the Fed.R.Civ.P.

Based upon the files, records and proceedings herein and being fully advised in the premises, the court finds that there is no genuine issue as to the following material facts:

FACTS

1. This is a 42 U.S.C. § 1983 action brought by plaintiff Kul Bushan Kalra, a resident of the State of Minnesota.

2. The court has jurisdiction in this matter pursuant to 28 U.S.C. § 1343(3).

3. Plaintiff is permanent resident alien.

4. Plaintiff sought to apply for a non-intoxicating malt liquor license (a 3.2 beer license) for his restaurant from the City of Minneapolis.

5. Minn.Stat. § 340.02, Subd. 8 (1982) permits the issuance of 3.2 beer licenses only to persons who are citizens of the United States.

6. Minneapolis Ordinance § 366.320 provides that beer licenses shall be issued only to qualified voters of the State of Minnesota.

7. Plaintiff was informed by an agent of the City of Minneapolis that his application for a beer license would not be accepted or processed because he is not a citizen of the United States.

8. Plaintiff's application was not accepted or processed.

9. Plaintiff's application for a beer license would have been accepted and processed but for his non-citizenship.

10. Whether or not plaintiff is *entitled* to a 3.2 beer license is not before the court.

CONCLUSIONS OF LAW

1. The Equal Protection Clause of the Fourteenth Amendment applies to both citizens and aliens. *Takahashi v. Fish and Game Commission*, 334 U.S. 410, 419, 68 S.Ct. 1138, 1142, 92 L.Ed. 1478 (1948); *Yick Wo v. Hopkins*, 118 U.S. 356, 369, 6 S.Ct. 1064, 1070, 30 L.Ed. 220 (1886).

2. Alienage is a suspect class and, thus, classifications based upon alienage are subject to close judicial scrutiny under the Equal Protection Clause unless the

classification primarily serves a political function. *Cabell v. Chavez-Salido*, 454 U.S. 432, 439, 102 S.Ct. 735, 739, 70 L.Ed.2d 677 (1982); *Graham v. Richardson*, 403 U.S. 365, 372, 91 S.Ct. 1848, 1852, 29 L.Ed.2d 534 (1971).

3. The classification in this case does not primarily serve a political function and, therefore, heightened judicial scrutiny applies. *See Cabell v. Chavez-Salido*, 454 U.S. 432, 439, 102 S.Ct. 735, 739, 70 L.Ed.2d 677 (1982); *Ambach v. Norwick*, 441 U.S. 68, 74, 99 S.Ct. 1589, 1593, 60 L.Ed.2d 49 (1979); *Foley v. Connelie*, 435 U.S. 291, 296, 98 S.Ct. 1067, 1070, 55 L.Ed.2d 287 (1978).

4. The Twenty-First Amendment of the United States Constitution does not alter the level of scrutiny required under the Equal Protection Clause. *See Craig v. Boren*, 429 U.S. 190, 206, 97 S.Ct. 451, 461, 50 L.Ed.2d 397 (1976).

5. Minn.Stat. § 340.02, Subd. 8 (1982) classifies applicants for 3.2 beer licenses on the basis of citizenship.

6. Minneapolis Ordinance § 366.320 effectively classifies applicants for beer licenses on the basis of citizenship since Minn.Stat. § 201.014 (1982) requires that a person be a citizen of the United States to be qualified to vote.

7. In order to justify the use of a suspect classification, defendants must show that the purpose of their laws is both constitutionally permissible and substantial, and that their use of the classification is necessary to the accomplishment of their purpose. *In re Griffiths*, 413 U.S. 717, 721–22, 93 S.Ct. 2851, 2854–55, 37 L.Ed.2d 910 (1973).

8. The state has failed to meet its heavy burden of justification since it has not been able to show that the purpose of Minn.Stat. § 340.02, Subd. 8 (1982) is constitutionally permissible and substantial, nor has it been able to show that the classification is necessary to the accomplishment of that purpose.

9. The City of Minneapolis has failed to meet its heavy burden of justification since it has not been able to show that the purpose of Minneapolis Ordinance § 366.320 is constitutionally permissible and substantial, nor has it been able to show that the classification is necessary to the accomplishment of that purpose.

10. Minn.Stat. § 340.02, Subd. 8 (1982) and Minneapolis Ordinance § 366.320(c) each violate the Equal Protection Clause on its face.

11. There is no genuine issue as to any material fact.

Upon the foregoing Facts and Conclusions of Law,

IT IS ORDERED That plaintiff's motion for summary judgment is hereby granted, and defendants' motion for summary judgment is denied.

IT IS FURTHER ORDERED That an injunction issue as follows:

IT IS ORDERED That defendants The State of Minnesota, The City of Minneapolis, The Minneapolis Police Department, and The Minneapolis City Council, and their successors in office, agents, and employees are permanently ENJOINED from enforcing the requirement of United States citizenship contained in Minn. Stat. § 340.02, Subd. 8 (1982) and the requirement of being a qualified voter contained in Minneapolis § 366.320 as prerequisites for eligibility for non-intoxicating malt liquor licenses.

IT IS FURTHER ORDERED That, pursuant to Fed.R.Civ.P. 57 and 28 U.S.C. § 2201, the Clerk of Court enter judgment as follows:

IT IS ORDERED, ADJUDGED AND DECREED That the portion of Minn. Stat. § 340.02, Subd. 8 (1982) which includes the requirement of United States citizenship is unconstitutional on its face under the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED That the portion of Minneapolis Ordinance § 366.320

which includes the requirement of being a qualified voter is unconstitutional on its face under the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.